IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE RENEE MINOR, *et al*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 13-1821 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| CUMBERLAND TOWNSHIP, *et al*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons stated below, Defendants' second partial Motion to Dismiss (Doc. 17) will be GRANTED in part and DENIED in part.

This civil rights law suit stems from events that occurred on October 19, 2012, when Officers Russell Paul Miller, Jr. ("Officer Miller") and Garrett Toothman ("Officer Toothman"), (collectively, the "Officer Defendants"), police officers of the Cumberland Township Police Department, allegedly unlawfully entered the home of Plaintiffs Stephanie Renee Minor ("Ms. Minor") and her three minor children, L.M., B.J., and J.M. See generally Am. Compl. (Doc. 16). This entry led to Ms. Minor being handcuffed, arrested and charged with various crimes, which ultimately were dismissed.[1]

Defendants filed their first Motion to Dismiss on March 10, 2014, which the Court granted in part, dismissing various claims without prejudice to Plaintiffs filing an Amended Complaint. Plaintiffs filed an Amended Complaint bringing various claims against the Officer

---

[1] The facts of this case are set forth in detail in the Court's December 10, 2014 Memorandum and Order. See Doc. 14. Accordingly, the Court will only address the facts to the extent that they are relevant to resolve the outstanding Motion to Dismiss.

1

Defendants in their individual capacities, as well as Cumberland Township (the "Township"), (collectively, "Defendants"). Defendants then filed their second partial Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is currently pending before the Court. In their Motion, Defendants assert several arguments as to why certain of Plaintiffs' claims must be dismissed for failure to state a claim. The Court will address these arguments in the order they were raised by Defendants.

**ANALYSIS**

    **A. Certain Claims as to Defendant Officer Toothman**

First, Defendants argue that Plaintiffs have failed to state a claim against Officer Toothman for Excessive Force (Count IV), False Arrest (Counts V and X), Malicious Prosecution (Count VII), Assault (Count VIII) or Battery (Count IX). Specifically, as Defendants argued in their original Motion to Dismiss, they assert that all of the facts relating to these claims stem from Officer Miller's conduct, not Officer Toothman's, and as such, Officer Toothman cannot be held liable. See Defs.' Brief in Supp. (Doc. 18) at 6-10.

The Amended Complaint clearly alleges Officer Toothman was involved in this incident. Therein Plaintiffs allege: (1) Officer Toothman pursued Mr. Jurzcak toward the residence with Officer Miller; (2) Officer Toothman guarded the back door as Officer Miller approached the front door; (3) Officer Toothman entered the home with Officer Miller; (4) Officer Toothman searched the home; (5) Officer Toothman threatened Ms. Minor with an electro-shock device; and (6) Officer Toothman caused minor child, B.J., to come out of hiding in her bedroom. Am. Compl. ¶¶ 13-14, 26-27, 31, 74. Questions regarding Defendant Officer Toothman's precise level of involvement and whether each element of the individual counts have been satisfied are

best addressed at the summary judgment stage after the parties have had an opportunity to engage in discovery.

Defendants also argue that Plaintiffs' claim for Assault against Officer Toothman is barred by the Political Subdivision Tort Claims Act ("PSTCA"). Defs.' Br. at 10-11. As Plaintiffs point out in their opposition brief, the case law that Defendants rely on to support the proposition that the liability provision of the PSTCA applies to intentional torts is misplaced. Pl.'s Br. at 9. As noted in King v. Breach, "willful misconduct is synonymous with the term intentional tort." 540 A.2d 976, 981 (Pa.Cmwlth. Ct. 1988) (internal quotations omitted). Therefore, because Plaintiffs' claims against Officer Toothman include a variety of intentional torts, those claims are not barred by the PSTCA.

Accordingly, Defendants' Motion to Dismiss Counts IV, V, VII, VIII, IX, and X, as they pertain to Officer Toothman is DENIED.

**B. Civil Conspiracy (Count XVI)**

Next, Defendants argue that Ms. Minor has failed to state a claim for civil conspiracy, because such claim is barred by the intra-corporate conspiracy doctrine. Defs.' Br. at 10-12. However, the Court explicitly rejected this argument in its December 10, 2014 Order. See Doc. 10. (holding that the intra-corporate conspiracy doctrine does not prevent police officers from conspiring with one another in their individual capacities), and so will not address it again here. Under the law of the case doctrine, this issue will not be relitigated. See Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982) (stating absent unusual circumstances the law of the case doctrine prevents relitigation of already decided issues).

Alternatively, Defendants argue that Ms. Minor has not stated sufficient facts to establish a plausible claim. Defs.' Br. at 10-12. The Court disagrees. Given that the Amended Complaint

more specifically alleges Officer Toothman's involvement in the incident at issue, the Court finds Ms. Minor has alleged sufficient facts to establish a conspiracy. Defendants' Motion to Dismiss Count XVI is DENIED.

**C. Invasion of Privacy – False Light (Count XV)**

Defendants next argue that Ms. Minor has failed to state a claim for invasion of privacy (false light), because there is no allegation that Defendants ever disseminated a false statement about Plaintiffs, and regardless, such claim is barred by the PSTCA. Defs.' Br. at 14.

The elements of a false light claim under Pennsylvania law are: "(1) publicity, (2) given to private facts, (3) which could be highly offensive to a reasonable person, and (4) which are not of legitimate concern to the public." Smith v. Borough of Dunmore, 633 F.3d 176, 182 (3d Cir. 2011) (citing Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997)). Contrary to Defendants' assertions, a defendant does not need to make a false statement in order to be liable for a false light invasion of privacy claim. See Graboff v. Colleran Firm, 744 F.3d 128, 137 (3d Cir. 2014). Instead, a defendant can be liable for a false light claim if he selectively printed or broadcasted true statements or pictures in a manner that created a false impression. Larsen v. Phila. Newspapers, Inc., 543 A.2d 1181, 1189 (Pa. Super. Ct. 1988). Accordingly, when a publication is literally true, "discrete presentation of information in a fashion which renders the publication susceptible to inferences casting one in a false light entitles the grievant to recompense." Larsen, 543 A.2d at 1189.

While the circumstances alleged in the Amended Complaint describing how Ms. Minor was escorted to the patrol car seem extreme, and the publication of facts of her arrest and charges against her may incorrectly imply she is a criminal, the Court nonetheless finds that Ms. Minor has not stated a plausible claim for false light. Despite Ms. Minor's attempt to categorize

Defendants' conduct as tortious, and despite being given a second attempt to flesh out her claim, she has offered no information on how Defendants caused such publication to occur andhas offered no information regarding the specifics of the publication. Nor does Plaintiff allege sufficient facts that Defendants *selectively* printed or broadcasted true statements in a manner creating a false impression. Instead, Plaintiff appears to believe that because she ultimately was exonerated, the mere report of her arrest puts her in a "false light." That cannot be the law. Indeed, to permit such a claim would prevent any reports of an arrest, regardless of whether the suspect is subsequently exonerated, and would allow anyone who is arrested in front of others to bring such a claim.

Defendants' Motion to Dismiss Count XV is GRANTED.

**D. Claim for Deprivation of Due Process (Count III)**

Defendants further argue that Plaintiffs' Claim for Deprivation of Due Process (Count III) is barred by the statute of limitations because it was not brought in the original Complaint. Defs.' Br. at 14-15. Defendants' argument fails not only because it is factually false but also because it ignores Rule 15 of the Federal Rules of Civil Procedure. Plaintiffs' original Complaint does allege violations of Plaintiffs' due process rights. Compl. at ¶45. Even had it not, the Federal Rules of Civil Procedure provide that "[a]n amendment to a pleading relates back to the date of the original pleading when an amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempts to be set out – in the original pleading." F.R.C.P. 15(C)(1)(B). There is no question that the due process claim alleged at Count III of the Amended Complaint arose out of the conduct set out in the original Complaint. Defendants' Motion to Dismiss Count III is DENIED.

### E. Claims on behalf of Minor Children

Defendants again argue that the Amended Complaint is lacking any cognizable claims on behalf of Ms. Minor's three minor children, and as such, the children should be stricken as parties to this matter. Defs.' Br. at 14. In response, Plaintiffs argue that the Amended Complaint "states many claims on behalf of the children," and goes on to reference particular factual allegations regarding the minor children. Pl.'s Br. at 12. As instructed in the Court's previous Order, the Amended Complaint <u>clearly indicates</u> which causes of action are brought on behalf of which Plaintiffs and provides additional factual allegations supporting the minor children's entitlement to relief on their claims. Once again, questions regarding the specifics of the Defendant Officers conduct as it relates to each of the three minor children are best addressed at the summary judgment stage after the parties have had an opportunity to engage in discovery.

Defendants additionally argue that the PSTCA should bar the minor Plaintiffs' claims. The Court's conclusion as to the applicability of the PSTCA to this case as to Ms. Minor applies equally to her minor children. The PSTCA does not serve as a bar to this action.

Defendants' Motion to Dismiss Counts I, II, III, IV, VIII, IX, XII, and XIV on behalf of the minor children is DENIED.

## II. <u>ORDER</u>

Consistent with the foregoing, Defendants' partial Motion to Dismiss (**Doc. 9**) will be **GRANTED IN PART and DENIED IN PART**. Specifically, Count XV is hereby **DISMISSED**, and Defendants' Motion is **DENIED** in all other respects.

IT IS SO ORDERED.

September 28, 2015                                                    s/Cathy Bissoon
                                                                                                 Cathy Bissoon
                                                                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record